Michael A Younge (SBN 170929)
LAW OFFICE OF MICHAEL A YOUNGE
24881 Alicia Parkway, Suite E541
Laguna Hills, CA 92653
Telephone (714) 299-7406
Facsimile (714) 276-1443
Email: youngelaw@aol.com

Attorney for Plaintiff
Veronica Lewis-Houston

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Veronica Lewis-Houston, | ) Case No.: _____ |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES:** |
| vs. | ) **(1) NEGLIGENCE** |
| | ) **(2) PREMISES LIABILITY** |
| Sandals Resorts International (SRI); | ) **(3) NEGLIGENT INFLICTION OF** |
| Sandals Regency La Toc St. Lucia, | ) **EMOTIONAL DISTRESS** |
| Defendants. | ) **(DEMAND FOR JURY TRIAL)** |
| | ) |

1

Plaintiff Veronica Lewis-Houston ("Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1.  This is a Complaint for (i) Negligence; (ii) Premises Liability; (iii Negligent Infliction of Emotional Distress. The amount in controversy is over $2,000,000.

2.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b). Jury has been demanded.

3.  The Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the opportunity to conduct commercial activities in this Judicial District by advertising their vacation resorts in the Los Angeles market through Television, Streaming Services, Google Advertising, Social Media, Travel Agencies, Billboards and Radio Commercials. Due to the advertising medias by the Defendants, residents of Los Angeles travel to these Sandals resorts for vacationing, including the plaintiff.

4.  Venue in this action properly lies in the Central District of California, under 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claims and damages asserted herein occurred in this District. Furthermore, Defendants are conducting business in this Judicial District and Los Angeles County and are subject to the Court's personal jurisdiction with respect to this civil action.

**PARTIES**

5.  The Plaintiff, Veronica Lewis-Houston [Plaintiff] is a resident of the County of Los Angeles and pursuant to a variety of Sandals commercials, she purchased a vacation package to stay at the defendants' resort in St. Lucia for a restful vacation.

6.  Defendant Sandals Resorts International (SRI) [SRI] is the owner of Sandals Regency La Toc St. Lucia. SRI is headquartered in Montego Bay, Jamaica and has a corporate office in Miami, Florida. This defendant owns many Sandals Brand resorts in the Caribbean to include all inclusive and adults only venues. Sandals Resorts International have frequently advertised their resorts in the Los Angeles market between the years 2020 and present.

7.  Defendant Sandals Regency La Toc St. Lucia [La Toc] is a resort owned by SRI and is located in St. Lucia, West Indies, on La Toc Road, Castries, St. Lucia. La Toc is generally considered a romantic and scenic resort with nightly entertainment, all inclusive meals and scenic tours of the island. La Toc has frequently advertised their resorts in the Los Angeles market between the years 2020 and present. The defendants will be collectively referred to as "Sandals."

8.  Defendants are subject to the jurisdiction of this Court by virtue of their substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

**ALLEGATIONS FOR ALL CLAIMS OF RELIEF BY PLAINTIFF'S**

9.   The Plaintiff, pursuant to marketing by SRI and La Toc, purchased a vacation package to travel from Los Angeles, California to Sandals Regency La Toc St Lucia [La Toc]. The vacation was purchased on February 25, 2024, which included accommodation at La Toc from July 24, 2024 – July 31, 2024.

10.   This vacation package included Plaintiff, her daughter and daughter's husband, Africa and Jonathan Griffin and Plaintiff's granddaughter, Courtney Billingsley-Greer. Plaintiff's costs for this one week stay was $3,860.70. The airfare for this travel was $713.00 per passenger for a total of $2,852. Pursuant to the vacation schedule, Plaintiff and her guests checked into La Toc on July 24, 2024.

11.   After an exhaustive trip from California to St. Lucia, Plaintiff and her guests were ready to start their vacation at La Toc. Unfortunately, on or about July 25, 2024, on her way from the pool area, Plaintiff crossed over a bridge from one side of the pool to the other side and down the stairs where there was a large pool of stagnant water that could not have been observed due to a large shadow from the stairs above. The water accumulated in the area at the bottom of the stairs where the drainage was inadequate. The area sloped away from the drainage rather than sloping towards the drainage.

12.   As Plaintiff stepped off the last stair into the flat area, her right foot slipped backwards, and her forward momentum caused her to fall and landed on her left

knee. This fall was witnessed by her daughter Africa, son-in-law Jonathan Griffin and employees of La Toc. Plaintiff was unable to get up on her own and required additional help from La Toc staff to get her in a sitting position. The left knee was immediately swollen and Plaintiff was taken by ambulance to Tapion Hospital, St. Lucia on July 25, 2024.

13. X-Rays at Tapion Hospital showed that Plaintiff pursuant to Dr. Sharna Hency, suffered a "Complete Displaced Fracture of the Left Patella", her Patella was shattered.

14. Due to recommendations from the Doctors at Tapion Hospital, Plaintiff returned to the United States on July 27, 2024, for further medical treatment to include surgery. Plaintiff's vacation at La Toc was abruptly terminated and incurred emergency travel expenses for her unexpected return to California.

15. Upon her return to California, Plaintiff was seen at Kaiser Permanente Hospital Emergency on July 28, 2024, and her surgery to repair the Patella and surrounding area was scheduled for August 6, 2024.

16. On August 6, 2024, Dr. Money of Kaiser Permanente completed the surgery that included the repair of the Patella, repair of the Fascia and the subcutaneous tissue. The surgery appeared to be successful and Plaintiff subsequently completed physical therapy in February 2025.

17.  Plaintiff at the time of her fall at La Toc on July 25, 2024, was very vibrant, outgoing and enjoyed her physical fitness. Plaintiff continues to have residual pain and stiffness in her left knee on a daily basis. Numbness remains in the area of the left patella and is very difficult to kneel.

### FIRST CLAIM FOR RELIEF

### (Negligence)

18.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.  Plaintiff was an Invitee at La Toc and she was owed a duty of care. This property was not maintained in a reasonably safe condition, and La Toc did not exercise reasonable care to protect Plaintiff from this water hazard.

20.  Water was allowed to infiltrate an area of high traffic and additionally, the tiles in that area were smooth tiles instead of non-skid. La Toc breached its duty of care to the Plaintiff.

21.  The source of the water was from a water hose under the control of La Toc where water was allowed to flow into that high traffic area and also from sprinklers.  A report was made to La Toc regarding the slip and fall by Plaintiff and personnel from La Toc assisted Plaintiff to her feet and eventually called an ambulance.

22.  Due to the breach of their duty, Plaintiff slipped due to the water hazard and smashed her left patella that required surgery and rehabilitation. Plaintiff contends that the breach of duty by La Toc is the actual and proximate cause of her injuries.

23.  Plaintiff's pain and suffering, medical expenses in St. Lucia, emergency transportation for the return to California, surgery at Kaiser Permanente and rehabilitation far exceed $2,000,000.

24.  Even after Plaintiff's accident, La Toc did not alleviate the hazard of the accumulation of the water in that area and another guest slipped and fell and suffered injuries. This subsequent injury has been documented.

25.  As a result of Defendants' acts, Plaintiff will continue to suffer harm, including monetary loss, further pain and suffering and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Premises Liability)

26.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The defendants SRI and La Toc [Sandals] are the owners of the La Toc Resort. Sandals legally own, occupy the premises and are in control of the premises to include management and possession.

28. Plaintiff was made aware that the management at La Toc had actual notice of this water hazard prior to her accident and La Toc failed to fix or make safe.

29. The water hazard was a substantial factor in causing the injuries to Plaintiff due to her slip and fall. Because of the shadow from the stairs, Plaintiff did not notice the pool of water that was formed. Additionally, the tiles were smooth and not non-skid which exacerbated the unsafe condition.

30. This breach of duty by Sandals was the source of the accident and the harm to Plaintiff was foreseeable. Sandals were the actual and proximate cause of Plaintiff's injuries.

31. Plaintiff suffered damages to include medical expenses in St. Lucia, emergency transportation for her return to California, surgery, loss of her vacation, rehabilitation and pain and suffering.

32. As a result of Defendants' acts, Plaintiff will continue to suffer harm, including monetary loss, further pain and suffering and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

33.  Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.  The defendants were negligent in allowing a known water hazard to continue without alleviating the danger. It was reasonably foreseeable that guests at La Toc could have been injured by slipping and falling due to the water hazard and the smooth floor tiles.

35.  The defendants breached their duty of care to Plaintiff who was an invitee. Plaintiff had to endure the pain of a broken left patella on July 25, 2024. Then had to travel to Los Angeles for surgery. Defendants were responsible for the safety of Plaintiff and they allowed an unsafe hazard that caused the Plaintiff's injuries.

36.  Plaintiff was restricted to a wheelchair from July 25, 2024 through August 7, 2024, which was the day after her surgery. Due to the injury and rehabilitation, Plaintiff's activities were severely restricted to bed rest, no outdoor activities and could not complete simple household chores.

37.  Plaintiff as a result of the fall, termination of her vacation, the constant and recurring pain caused Plaintiff to suffer emotional distress. The defendant experienced numerous sessions of uncontrolled crying, nervousness and

depression. The defendants' negligence was a substantial factor in causing Plaintiff's emotional distress.

38. As a result of Defendants' acts, Plaintiff will continue to suffer harm, including monetary loss, further pain and suffering and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. That Defendants be adjudged liable for Plaintiff's damages resulting from defendants' Negligence which exceed $2,000,000;

2. That Defendants be adjudged liable for Plaintiff's damages resulting from defendants' Premises Liability which exceed $2,000,000;

3. That Defendants be adjudged liable for Plaintiff's damages resulting from defendants' Negligent Infliction of Emotional Distress which exceed $2,000,000;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: July 13, 2026
*/s/Michael A Younge*
Michael A Younge, Attorney for Plaintiff